

NOV 1 5 2012

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RODERICK MCCRACKEN, <br><br> *Plaintiff* <br><br> vs. <br><br> SWIFT TECHNICAL SERVICES LLC and SWIFT WORLDWIDE RESOURSES, <br><br> *Defendants* | Case No.: _____ |

## ORIGINAL COMPLAINT

### SUMMARY

1. Swift Technical Services LLC and Swift Worldwide Resources (collectively, "Swift") did not pay Roderick McCracken (hereinafter "McCracken") overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Swift paid McCracken "straight-time" for all hours worked, including those in excess of 40 in a workweek. In this action, McCracken seeks to recover the unpaid overtime wages and other damages owed to McCracken.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. All parties are subject to personal jurisdiction in Houston, Texas.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because

Swift resides in Harris County, Texas and the majority of the material facts relevant to this action occurred in this District.

## THE PARTIES

5. McCracken was an hourly employee of Swift during all times relevant to this action and now lives and works in Houston, Texas.

6. Swift is an enterprise consisting of more than one entity. Included in the enterprise is Swift Technical Services, LLC, a Texas limited liability company with its principal office in Houston, Texas.

7. Other entities included in the enterprise include a company known as "Swift Worldwide Resources". On information and belief, Swift Worldwide Resources conducts substantial business in Texas both generally and in connection with the facts that gave rise to this complaint.

## THE FACTS

8. Swift is a professional staffing business with many years of experience. It focuses on providing engineering and management employees to oil and gas companies around the globe. In each of the past three years, Swift's revenues have exceeded $100 million dollars. As a staffing company, Swift is well aware of the requirements of the FLSA – including its overtime pay requirements.

9. McCracken began working for Swift under an employment contract in July 2010. Swift assigned McCracken to work at one of its client's locations in Alabama. Later, McCracken worked at a client location in New Orleans, Louisiana.

10. Swift provided McCracken with a written contract outlining the terms of his compensation. The contract dictated that McCracken was to be paid "per hour worked". Swift

made it clear that "time work is time paid only".

11. Swift paid McCracken a set hourly rate for each hour worked.

12. McCracken routinely worked well in excess of forty (40) hours in a workweek.

13. McCracken reported his hours to Swift on a weekly basis.

14. Swift paid McCracken the same hourly rate for all the hours he worked, including those in excess of 40 in a workweek.

## CAUSE OF ACTION

15. McCracken incorporates the preceding paragraphs by reference.

16. By failing to pay McCracken overtime at one-and-one-half times his regular rate, Swift violated the FLSA's overtime pay provisions.

17. Swift owes McCracken the difference between the straight-time rates actually paid and the proper overtime rate. Swift knew or showed reckless disregard for whether its pay practices violated the FLSA. Swift owes McCracken unpaid overtime wages for at least the past three years or since the beginning of McCracken's employment with Swift.

18. Swift is liable to McCracken for an amount equal to all unpaid overtime wages.

19. McCracken is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

McCracken prays for relief as follows:

1. Judgment awarding McCracken all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

3. All such other and further relief to which McCracken may show himself to be justly entitled.

                                          Respectfully submitted,

*/s/ D. Brad Hardin*
D. BRAD HARDIN (HARDD7943)
Attorney for the Plaintiff
Post Office Box 7557
Spanish Fort, Alabama 36577-7557
Telephone: 251/433-0666
Facsimile: 888/223-1308
Email: brad@bradhardin.com